IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DOE, INDIVIDUALLY AND AS NEXT FRIEND OF SARAH DOE, A MINOR; | § § § § | |
| *Plaintiff,* | § § | CIVIL NO. SA-17-CV-01114-OLG |
| vs. | § § | |
| MARION INDEPENDENT SCHOOL DISTRICT, KYLE KELSO, INDIVIDUALLY AND AS TEACHER OF MARION HIGH SCHOOL; AND STACI SNYDER, INDIVIDUALLY AND PRINCIPAL OF MARION HIGH SCHOOL; | § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Order and Report and Recommendation concerns Defendants Marion Independent School District and Staci Snyder's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiffs' Original Complaint [#14] and Plaintiff's Memorandum in Support of Motion to File Amended Pleading [#18]. This case was referred to the undersigned for all pretrial proceedings pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas on January 30, 2018. The undersigned has authority to enter this Order as to Plaintiff's motion to file an amended pleading pursuant to 28 U.S.C. § 636(b)(1)(A) and this recommendation as to Defendants' motion to dismiss pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is ordered that Plaintiff's Motion [#18] be **GRANTED** and recommended that Defendants' Motion [#14] be **DISMISSED WITHOUT PREJUDICE** to refiling in light of Plaintiff's First Amended Original Complaint.

1

## I. Background

Plaintiff John Doe filed this action on November 2, 2017, on behalf of himself and as next friend of Sarah Doe, his minor daughter. Doe's Original Complaint [#1] sues Marion Independent School District, Principal Staci Snyder, and teacher Kyle Kelso, pursuant to 42 U.S.C. § 1983 and Title IX of the Education Amendment of 1972, and asserts various state-law tort claims based on an alleged sexual relationship between Kelso and Doe while she was a student at Marion High School. Marion ISD and Snyder moved to dismiss Doe's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [#14] on June 21, 2018. Defendants argue that Marion ISD and Snyder are immune from Doe's tort claims and Doe has failed to state a claim under Section 1983 or Title IX.[1]

Doe filed a response to the motion [#17] on July 12, 2018, seven days after the response was due. *See* Loc. R. CV-7(e) (responses to dispositive motions due within 14 days of motion's filing). As Defendants pointed out in their reply, in addition to being untimely, the response fails to address Defendants' jurisdictional argument with respect to Doe's tort claims, Snyder's assertion of statutory and qualified immunity, Defendants' argument that Doe failed to allege a viable Title IX claim, or Defendants' arguments concerning the lack of allegations regarding a custom or policy of constitutional required for municipal liability under Section 1983.

On the same day that Doe filed the response, Doe also filed a motion for leave to file an amended pleading [#18] and submitted with his motion his proposed First Amended Original Complaint [#18-1]. The Amended Complaint adds a new Defendant, Vice Principal Matthew Connor, drops all claims against Principal Snyder, adds additional factual allegations to support Doe's claims, and reasserts Doe's civil rights, Title IX, and tort claims. Defendants did not file a

---

[1] Defendant Kelso has not filed a motion to dismiss, as all claims against him have been stayed due to his filing of a Chapter 7 bankruptcy petition on July 26, 2018 [#23].

response in opposition to Doe's motion to amend. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed.

## II. Analysis

Plaintiff's motion to amend should be granted. A party may amend its pleading once as a matter of course within 21 days of service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). This is Plaintiff's first request to amend, and Defendants have not filed a response in opposition to Plaintiff's motion. Accordingly, the Court will grant the motion and direct the Clerk to file Plaintiff's proposed First Amended Original Complaint.

Where an amended pleading makes substantive changes to a complaint, such as adding and removing parties, the better course is to dismiss a pending motion to dismiss without prejudice so the Court can consider the motion as to the live pleading on a clear record. *See Maxim Integrated Prods., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. SA–14–CV–1030–XR, 2015 WL 10990119, at *1 (W.D. Tex. Feb. 12, 2015) (dismissing motion to dismiss as moot in light of substantive changes to complaint affecting motion's resolution). The Court realizes this may cause some additional costs and inconvenience to Defendants; however, re-filing the motion as to Doe's Amended Complaint will place this case in the best procedural posture for resolving the issues raised in Defendants' motion as to the Defendants now named in this lawsuit.

## III. Order and Recommendation

**IT IS THEREFORE ORDERED** that Plaintiff's Memorandum in Support of Motion to File Amended Pleading [#18] is **GRANTED**.

**IT IS FURTHER ORDERED** that the District Clerk docket Plaintiff's First Amended Original Complaint [#18-1] as the new live pleading in this case.

In light of the filing of Doe's Amended Complaint, the undersigned recommends that Defendants Marion Independent School District and Staci Snyder's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiffs' Original Complaint [#14] be **DISMISSED WITHOUT PREJUDICE** to re-filing as to the current live pleading.

## IV. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of October, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE