IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| JOHN DOE, INDIVIDUALLY AND AS NEXT FRIEND OF SARAH DOE, A MINOR; | § § § § | |
| *Plaintiff,* | § § § | CIVIL NO. SA-17-CV-01114-OLG |
| vs. | § § | |
| MARION INDEPENDENT SCHOOL DISTRICT, KYLE KELSO, INDIVIDUALLY AND AS TEACHER OF MARION HIGH SCHOOL; AND STACI SNYDER, INDIVIDUALLY AND PRINCIPAL OF MARION HIGH SCHOOL; | § § § § § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendants Marion Independent School District and Matthew Connor's Corrected Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint [#29]. This case was referred to the undersigned for all pretrial proceedings pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas on January 30, 2018 [#2]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendants' Motion [#29] be **GRANTED**.

## I. Background

Plaintiff John Doe, individually and as next friend of Sarah Doe, originally filed this action on November 2, 2017 against Defendants Marion Independent School District ("Marion

ISD"), Staci Snyder (Principal of Marion High School), and Kyle Kelso (a teacher at Marion High School), asserting various federal and state causes of action related to an alleged sexual relationship between Kelso and his minor student, Sarah Doe. (Orig. Compl. [#1].) Defendants were served with summons and a copy of the Complaint, and in response Marion ISD and Snyder filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on June 21, 2018 [#14]. Plaintiff thereafter moved for leave to file an amended pleading [#18]. Kelso did not join in the motion to dismiss and filed a Suggestion of Bankruptcy on July 26, 2018 [#22]. The undersigned subsequently stayed all of Plaintiff's claims against Kelso pursuant to the automatic stay provisions of 11 U.S.C. § 362 [#23][1] and issued a report and recommendation recommending Plaintiff's motion for leave to amend be granted and Defendants' motion to dismiss be dismissed as moot without prejudice to refiling in light of the amended complaint [#24]. The District Court adopted the recommendation on November 13, 2018 [#32].

Plaintiff's First Amended Complaint was docketed on October 9, 2018 [#26] and is the current live pleading in this case. The Amended Complaint again sues Marion ISD and Kelso but replaces Snyder with Defendant Matthew Connor, the Vice Principal of Marion High School at the time of the events underlying this suit. (First Am. Compl. [#26] at ¶¶ 1–5.) Plaintiff alleges that Kelso showed favoritism toward Ms. Doe during the 2014 school year, and Marion ISD allowed Kelso to travel with five minor female students for an overnight school funded trip without another adult chaperon or supervision. (*Id.* at ¶ 10.) According to Plaintiff, during the

---

[1] The Court notes that on November 5, 2018, Kelso's bankruptcy counsel filed a status report indicating that Kelso had been discharged in bankruptcy and asserting that the automatic stay should be lifted but all of Plaintiff's claims against Kelso should be permanently enjoined due to the bankruptcy discharge. The Court ordered Plaintiff to file a response to the status report on or before November 29, 2018. Thus, the claims that are pending against Kelso will be addressed separately, after the Court receives and reviews Plaintiff's response.

trip Kelso would enter the girls' rooms and leave flowers, notes, and other signs of affection. (*Id.*) Following the trip, Plaintiff alleges that Kelso contacted Ms. Doe via text messaging, by phone, and in person during school and at her home and ultimately Kelso and Ms. Doe engaged in sexual intercourse. (*Id.* at ¶¶ 11–13.) Plaintiff claims that Marion ISD did not have a policy in place to protect female students from sexual predation on school trips, and Defendant Connor was the policy enforcer who approved Kelso's overnight travel plans with his female students. (*Id.* at ¶ 10.) Plaintiff asserts the following causes of action: violations of the 14th Amendment's equal protection and due process clauses pursuant to 42 U.S.C. § 1983 against all Defendants; violations of Title IX against Marion ISD; intentional infliction of emotional distress against Kelso; negligence by Marion ISD and Connor; and assault and battery against unidentified Defendants. (*Id.* at ¶¶ 14–28.) Defendants Marion ISD and Connor promptly filed the renewed motion to dismiss that is the subject of this report and recommendation.

Plaintiff's response to the motion to dismiss was due on or before October 31, 2018. *See* Loc. R. CV-7(e) (responses to dispositive motions due within 14 days of motion's filing). To date, Plaintiff has not filed a response to the motion. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. The Court therefore reviews the sufficiency of Plaintiff's allegations both in light of the arguments raised in Marion ISD's and Connor's motion to dismiss and the lack of response from Plaintiff.

## II.  Legal Standard

**A.      Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for

a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Where a motion to dismiss for lack of jurisdiction is limited to a facial attack on the pleadings, as here, it is subject to the same standard as a motion brought under Rule 12(b)(6). *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). In either case, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane*, 529 F.3d at 557; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This analysis is generally confined to a review of the complaint and its proper attachments. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). However, in ruling on a motion to dismiss for lack of subject-matter jurisdiction, the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed jurisdictional facts. *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, a court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming*, 281 F.3d at 161. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject-matter jurisdiction is not a determination of the merits and

does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.

*Id.*

**B.      Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted).   However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim.  *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).  In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief.  *See Twombly*, 550 U.S. at 570.  When the issue is a statute of limitations defense, the court may only order dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

**III.  Analysis**

The motion to dismiss filed by Defendant Marion ISD and Defendant Connor should be granted.  Plaintiff's Section 1983 against these two Defendants and Title IX claims against Marion ISD should be dismissed for failure to state a claim, and Plaintiff's negligence and intentional tort claims against Marion ISD and Connor should be dismissed for lack of subject matter jurisdiction.

**A.      Plaintiff's Section 1983 claims should be dismissed for failure to state a claim.**

Plaintiff sues Marion ISD and Vice Principal Connor for violations of her Fourteenth Amendment equal protection and substantive due process rights pursuant to Section 1983.  (Am. Compl. [#26] at ¶¶ 14–20.)  According to Plaintiff, Defendants Marion ISD and Connor failed to supervise Kelso; failed to prevent him from engaging in a sexual relationship with Ms. Doe; delayed in removing Kelso from his position as a teacher at Marion High School; and failed to report Kelso or to take proper precautions to investigate and discipline him, all of which manifested a deliberate indifference to the welfare of Ms. Doe.  (*Id.* at ¶¶ 16–17.)

These allegations are insufficient to state a claim against Marion ISD or Connor in his individual or official capacities pursuant to Section 1983.  Plaintiff has not alleged a policy or custom or a policymaking authority for purposes of imposing municipal liability on Marion ISD or Connor in his official capacity, and Plaintiff has failed to state an equal protection or substantive due process claim against either Defendant in any capacity.

     i.       Plaintiff fails to allege municipal liability against Marion ISD.

Section 1983 prohibits "persons" acting under the color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws."  42 U.S.C. § 1983. Municipalities and cities qualify as persons liable to suit under Section 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, a municipality or local governmental entity

such as an independent school district may be held liable under Section 1983 "only for acts for which it is actually responsible." *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Spann v. Tyler Indep. Sch. Dist.*, 876 F.2d 437, 438 (5th Cir. 1989)). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). Therefore, establishing municipal liability under Section 1983 requires proof of three elements: (1) an official policy or custom; (2) a policymaker who can be charged with actual or constructive knowledge of the policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Monell*, 436 U.S. at 694). "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

A suit against a municipal officer in his or her official capacity is simply another way of alleging municipal liability against the municipality itself. *Monell*, 436 U.S. 690 n.54. Where official capacity claims are identical to the claims against the municipality, as here, the official capacity claims should be dismissed. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Accordingly, in addition to the reasons set forth below, the undersigned recommends Plaintiff's Section 1983 claims against Connor in his official capacity be dismissed as duplicative.

Marion ISD and Connor argue that Plaintiff has failed to state a claim for municipal liability because, even if Plaintiff could state an equal protection or due process claim, there is no allegation of an official custom or policy of which a policymaker had actual or constructive

7

knowledge to impose municipal liability on Marion ISD and Connor in his official capacity. The undersigned agrees. Plaintiff does not allege an official policy, custom or practice that was the moving force behind the alleged sexual abuse of Ms. Doe by Kelso. Rather, Plaintiff focuses solely on the acts of Kelso with respect to Ms. Doe and alleges a failure of Defendants to take action that could have prevented Kelso from committing the wrongful acts giving rise to this lawsuit. "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). Plaintiff's barebones allegation that Defendants had a policy or custom in place that permitted the sexual abuse of female minor students by male teachers cannot survive as Rule 12(b)(6) analysis because the factual allegations in Plaintiff's Amended Complaint only describe the relationship between Kelso and Ms. Doe. Plaintiff has not alleged a pattern or practice of sexual abuse of students that is "so common and well-settled as to constitute a custom that fairly represents municipal policy" so as to "transcend[] the error made in a single case." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850–51 (5th Cir. 2009) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *Piotrowski*, 237 F.3d at 582 (citations omitted)).

Nor can Plaintiff state a claim for municipal liability based on a theory of deliberate indifference to the welfare of Ms. Doe. Claims based on failure to supervise or failure to promulgate policy can give rise to municipal liability under § 1983 when a municipality "supervises its employees in a manner that manifests deliberate indifference to the constitutional rights of citizens" or makes an "intentional choice" not to enact a more protective policy. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (en banc); *Evans v. City of Marlin*, 986 F.2d 104, 108 (5th Cir. 1993). To prevail on such a claim, the plaintiff must show that (1) the supervision policies of the municipality were inadequate, (2) the municipality was deliberately indifferent in adopting (or not adopting) such polices, and (3) the inadequate-supervision policies

(or lack thereof) directly caused the plaintiff's injuries. See *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996). Failure-to-supervise claims are governed by the same deliberate-indifference standard regardless of whether they are based on municipal liability or individual supervisory liability. *Taylor Indep. Sch. Dist.*, 15 F.3d at 453.

Allegations that a single constitutional violation resulted from inadequate supervision are ordinarily insufficient to hold a municipality liable on a theory of deliberate indifference. *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001) (citing *Snyder v. Trepagnier*, 142 F.3d 791, 798–99 (5th Cir. 1998)). To adequately plead deliberate indifference, a plaintiff must allege a pattern of similar violations before municipal liability will be imposed. *Jordan v. Brumfield*, 687 Fed. App'x 408, 415 (5th Cir. 2017); *Thompson*, 245 F.3d at 459. Only when a failure to train or supervise reflects a "deliberate" or "conscious" choice can a municipality be liable for such a failure under Section 1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989). Mere negligence does not give rise to Section 1983 liability. *Id.* at 392.

Plaintiff's Amended Complaint does not contain any allegations suggesting a pattern of deliberate or conscious indifference by Marion ISD to the safety of its female students; instead, the pleading states only that Kelso was permitted to chaperone females on an overnight fieldtrip and had a sexual relationship with a single female student. These allegations are insufficient to impose municipal liability on Marion ISD and Connor in his official capacity as Vice Principal of Marion High School.

Moreover, Plaintiff fails to allege that an official policymaker had actual or constructive knowledge of the violations. Who has final policymaking authority for a school district is a matter of state law. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1244 (5th Cir. 1993). "Texas law is clear that final policymaking authority in an independent school district, such as [Marion ISD], rests with the district's board of trustees." *Id.* Superintendents of schools, school

9

administrators, principals, teachers, and other school staff do not have final policy-making authority in a school district. *Jett*, 7 F.3d at 1245; *Teague v. Tex. City Indep. Sch. Dist.*, 386 F.Supp.2d 893, 896–97 (S.D. Tex. 2005).

Plaintiff has not pleaded actual or constructive knowledge of the Board of Trustees of Marion ISD of the acts of Kelso's sexual abuse of Ms. Doe or his treatment of other female students. Plaintiff vaguely alleges that the Board allowed these violations to occur without providing any factual allegations that suggest any Board member actually or constructively knew about Kelso's alleged actions. (Am. Compl. [#26] at ¶ 26.) The only persons alleged to have knowledge of Kelso's actions were other teachers and students. (*Id.* at ¶ 10.) Allegations that Kelso's abuse of female students was known by other teachers and students is insufficient to impose municipal liability on Marion ISD or Vice Principal Connor in his official capacity. *See Jett*, 7 F.3d at 1245. In summary, Plaintiff has not sufficiently stated a claim for relief against either Defendant because Plaintiff has not adequately alleged that the Marion ISD Board of Trustees enacted or had actual or constructive knowledge of any policy that was the "moving force" behind the alleged constitutional violations.

ii.     Plaintiff fails to allege a constitutional violation against Connor in his individual capacity or any other Defendant.

Plaintiff also sues Vice Principal Connor in his individual capacity for violations of the 14th Amendment's equal protection and due process clauses pursuant to Section 1983. Connor moves to dismiss Plaintiff's Section 1983 claims for failure to state a claim and argues that, even if these claims do not fail on their face, he is entitled to qualified immunity. These claims should be dismissed as well.

Plaintiff has failed to state an equal protection claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its

jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). It is well-established that a party who wishes to make out an equal protection claim must prove "the existence of purposeful discrimination" motivating the state action which caused the complained-of injury. *Johnson v. Rodriguez*, 110 F.3d 299, 306–07 (5th Cir. 1997) (quoting *McCleskey v. Kemp*, 481 U.S. 279, 292–293 (1987) (citation omitted)). "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (quoting *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992)). Plaintiff has not pleaded any facts that would support an allegation that Connor treated similarly situated persons differently based on a protected classification, such as gender or sex, or engaged in purposeful discrimination against any person. Accordingly, Plaintiff's equal protection claim fails as a matter of law and must be dismissed.

Plaintiff's substantive due process claim also fails as a matter of law. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive a person of life, liberty or property without due process of law." The substantive component of the Due Process Clause "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Taylor Indep. Sch. Dist.*, 15 F.3d at 450–51 (quotations omitted). The Fifth Circuit has recognized that schoolchildren have a liberty interest in their bodily integrity that is protected by the Due Process Clause. *Id.* Physical sexual abuse by a school employee violates this right. *Id.*

A supervisory school official can be held personally liable for the sexual abuse of a student by a subordinate teacher if the plaintiff establishes that: (1) the supervisor learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly toward the conclusion that the subordinate was sexually abusing the student; (2) the supervisor demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and (3) such failure caused a constitutional injury to the student. *Id.* at 454. "[A] school official's liability arises only at the point when the student shows that the official, by action or inaction, demonstrates a deliberate indifference to his or her constitutional rights." *Id.*

Plaintiff alleges that Kelso began showing affection towards Ms. Doe at the beginning of the 2014 school year and that in December 2014, Kelso and Ms. Doe engaged in sexual intercourse. (Am. Compl. [#26] at ¶¶ 10–11.) Plaintiff has not alleged that Connor had actual knowledge of Kelso's actions or any reason to suspect Kelso of misconduct during this time period. Rather, Plaintiff alleges that Connor first became aware of the relationship in September 2015, when Ms. Doe told a fellow classmate about the sexual nature of her relationship with Kelso, and the student in turn reported the relationship to the school. (*Id.* at ¶ 12.) According to Plaintiff, Marion ISD thereafter reported Kelso's actions to law enforcement and began its own investigation into the incident. (*Id.*) Although Plaintiff complains that it took Marion High School authorities ten days to take action administratively against Kelso, there is no allegation that any further contact occurred between Kelso and Ms. Doe at Marion High School after Connor became informed of Kelso's actions. (*See id.*) The only additional conduct that Plaintiff alleges occurred was Kelso stalking Ms. Doe at her home and contacting Ms. Doe by phone. (*See id.*)

These allegations do not state a substantive due process claim against Vice Principal Connor in his individual capacity, or any Defendant for that matter, as Plaintiff does not plead any facts that could demonstrate that the deliberate indifference of Connor to Ms. Doe's bodily integrity caused her constitutional injury. Rather, the allegations, taken as true, establish that Connor became aware of Kelso's sexual abuse of Ms. Doe almost a year after the relationship began, promptly informed authorities, began an internal investigation, and after ten days took action against Kelso. The absence of any allegation that these actions caused Plaintiff further injury at Marion High School is fatal to Plaintiff's due process claim. Because the undersigned concludes that Plaintiff has failed to state a claim against Connor in his individual capacity, the undersigned need not undertake a qualified immunity analysis.

**B.      Plaintiff's Title IX claim should be dismissed for failure to state a claim.**

The Court should also dismiss Plaintiff's Title IX claim against Marion ISD. Title IX provides in pertinent part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a). "The statute directs federal agencies that distribute education funding to establish requirements that effectuate the nondiscrimination mandate, and permits the agencies to enforce those requirements through 'any . . . means authorized by law,' including ultimately the termination of federal funding." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 280–81 (1998) (quoting 20 U.S.C. § 1682). Title IX is enforceable through an implied private right of action against a school district receiving federal funds, for which monetary damages are available. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 717 (1979); *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 65 (1992). However, this implied remedial scheme only permits such damages when "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures

on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Gebser*, 524 U.S. at 290. This failure to respond must amount to "deliberate indifference to discrimination." *Id.* In other words, recovery of damages from a school district for a teacher's sexual harassment of a student requires proof that (1) a school district employee with supervisory power over the offending teacher (2) had actual notice of the harassment and (3) responded with deliberate indifference. *Id.*; *see also King v. Conroe Indep. Sch. Dist.*, 289 Fed. App'x 1, at *3 n.3 (5th Cir. 2007). Deliberate indifference is "an extremely high standard to meet," requiring a showing that the response to known discrimination was "clearly unreasonable in light of the known circumstances." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 167 (5th Cir. 2011) (internal quotation omitted).

Plaintiff generally alleges that agents and employees of Marion ISD witnessed Kelso's sexual abuse of Ms. Doe at Marion High School and Marion High School extracurricular activities and failed to take corrective measures to prevent the discrimination. (Am. Compl. [#26] at ¶ 27.) Plaintiff further alleges that the Marion ISD Board of Trustees failed to provide a written policy preventing a male teacher from chaperoning an overnight trip with female students. (*Id.* at ¶ 26.) Neither of these allegations is sufficient to state a claim under Title IX.

Plaintiff fails to identify any school district employee with supervisory power over Kelso who had actual notice of the discrimination. To qualify as a supervisory employee, the school official must serve in a position "with the authority to repudiate that conduct *and* eliminate the hostile environment." *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 661 (5th Cir. 1997) (emphasis in original). This test "omits the bulk of employees, such as fellow teachers, coaches, and janitors." *Id.* at 660. The only school officials Plaintiff identifies by name in the Amended Complaint are Kelly Waters (superintendent of Marion ISD), Vice Principal Connor,

and Kelly Michelle Kelso (Kelso's former wife and former Marion ISD teacher). Nowhere in Plaintiff's Amended Complaint are there allegations that Waters had actual notice of Kelso's sexual harassment of female students or his sexual abuse of Ms. Doe. Plaintiff merely identifies Waters as a designated policymaker for Marion ISD as a general matter. (Am. Compl. [#26] at ¶ 26.) As previously explained with respect to Plaintiff's Section 1983 claims, nor are there allegations that Connor had actual notice of Kelso's harassment and abuse and failed to respond. (*See supra* at III.A.ii.) Plaintiff's allegations that it was "obvious" to Ms. Kelso and "other teachers" that Kelso showed favoritism and affection to Ms. Doe is insufficient to state a claim under Title IX as none of these teachers are supervisory officials for purposes of the statute. *See Rosa H.*, 106 F.3d at 660.

Finally, a Title IX action does not arise from an alleged failure to promulgate a written policy regarding teacher chaperones on overnight school-sponsored trips. The Supreme Court has held that a failure to promulgate and publicize an effective policy and grievance procedure for sexual harassment claims or follow other administrative requirements of Title IX—on its own—does not satisfy the deliberate indifference standard. *Gebser*, 524 U.S. at 291–92. Rather, there must be actual notice of the discrimination and a failure to remedy it to implicate a Title IX private right of action for damages. *Id.* Because Plaintiff has failed to allege actual notice by Connor (or any other supervisory employee), the Title IX claim is also subject to dismissal.

## C.   Plaintiff's tort claims should be dismissed for lack of subject matter jurisdiction.

Plaintiff's negligence and intentional tort claims (if any) against Marion ISD and Vice Principal Connor[2] should be dismissed for lack of subject matter jurisdiction. Government

---

[2]   In their motion to dismiss, Marion ISD and Connor construe Plaintiff's Amended Complaint as suing them for the intentional tort of intentional infliction of emotional distress (*see* Mtn. to Dismiss [#29] at 2). The Court does not read the Amended Complaint as doing so. The only Defendant named in the section on intentional infliction of emotional distress is Kelso, who

entities are generally immune from suit, unless a waiver of immunity is provided by statute. *Gipson v. City of Dallas*, 247 S.W.3d 465, 469 (Tex. App.—Dallas 2008, pet. denied) (citing *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)) ("Unless the Texas Tort Claims Act waives immunity, a municipality is immune from suit and from tort liability for its own acts or the acts of its agents for its governmental functions."). The Texas Tort Claims Act provides the authority to bring an action, in certain limited circumstances, against a governmental unit (and government actors in their official capacity) within the state.[3] Tex. Civ. Prac. & Rem. Code § 101.001, *et seq.* "Governmental unit" is defined as a "political subdivision of this state, including any . . . school district." *Id.* at § 101.001(3)(B). The Texas Tort Claims Act does not waive sovereign immunity for intentional torts. *Id.* at ¶ 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . . ."); *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). Accordingly, insofar as Plaintiff is suing Marion ISD and Connor (in his official capacity) for any intentional tort, including assault or battery, such claims are barred on grounds of Defendants' immunity from suit.

Nor does the Tort Claims Act waive immunity for the negligent acts alleged by Plaintiff. The Tort Claims Act provides that a governmental unit is liable for certain negligent acts. *See* Tex. Civ. Prac. & Rem. Code § 101.021. But the Act expressly provides that "[e]xcept as to motor vehicles, this chapter does not apply to a school district." *Id.* at § 101.051. Plaintiff's allegations, of course, do not include any allegation that any Marion ISD or Connor were

---

is not a party to the motion to dismiss. However, Plaintiff does assert a claim of assault and battery against unnamed Defendants. (Am. Compl. [#26] at ¶ 29.) Accordingly, the Court will address these intentional torts in this report and recommendation.

[3] Again, it is well established that suing a government official in his or her official capacity is another way of pleading against the entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

involved in the negligent operation of a motor vehicle. Instead, Plaintiff alleges Marion ISD and Connor were negligent in failing to protect Ms. Doe's constitutional rights and Marion ISD was negligent in its supervision, training, and retention of Kelso. (Am. Compl. [#26] at ¶¶ 22–24.) As none of Plaintiff's claims falls under the Act's limited waiver with respect to the operation or use of a motor vehicle, Plaintiff's negligence claims against Marion ISD and Connor, in his official capacity, are also barred on immunity grounds.

Finally, the Texas Education Code bars Plaintiff's tort claims against Connor in his individual capacity. *See* Tex. Educ. Code § 22.0511(a) ("A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students."). The Texas Supreme Court has limited section 22.051's negligence exception to immunity to situations involving "negligent discipline." *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 619 (Tex. 1987). A principal is considered a "professional employee of a school district" for purposes of the statute. *Id.* at § 22.051(a)(1); *Doe v. San Antonio Indep. Sch. Dist.*, 197 Fed. App'x 296, 301–02 (5th Cir. 2006) (applying statutory definition to vice principal). This statutory immunity is in addition to and does not preempt official immunity or governmental immunity. *Id.* at § 22.051(b).

Plaintiff alleges that Connor was negligent in failing to remove Kelso from the school and failing to prevent Kelso from using school sponsored travel to access Ms. Doe and other female students. (Am. Compl. [#26] at ¶ 17.) Plaintiff claims that Kelso was the policy enforcer who approved Kelso's travel plans with minor female students, including Ms. Doe, without an additional female chaperone. (*Id.* at ¶ 10.) Although these alleged acts were likely discretionary,

they do not concern the use of excessive force or negligence in disciplining a student. Because Plaintiff's allegations did not grow out of a disciplinary action, Plaintiff's claims against Vice Principal Connor in his individual capacity are barred by the Texas Education Code. *See Hopkins*, 736 S.W.2d at 619. In summary, all of Plaintiff's tort claims—both negligent and intentional—must be dismissed because Defendants Marion ISD and Vice Principal Connor are immune from such claims.

## IV. Conclusion and Recommendation

Having considered Plaintiff's First Amended Complaint in light of the arguments raised in Defendants' motion and the lack of response from Plaintiff, the undersigned recommends that Defendants Marion Independent School District and Matthew Connor's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint [#29] be **GRANTED** and Plaintiff's claims against Defendants Marion ISD and Vice Principal Connor be **DISMISSED**. Plaintiff's claims against Defendant Kelso remain pending before the Court.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections

18

to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of November, 2018.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE