IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DOE, INDIVIDUALLY AND AS NEXT FRIEND OF SARAH DOE, A MINOR; | § § § § | |
| *Plaintiff,* | § § | CIVIL NO. SA-17-CV-01114-OLG |
| vs. | § § | |
| MARION INDEPENDENT SCHOOL DISTRICT, KYLE KELSO, INDIVIDUALLY AND AS TEACHER OF MARION HIGH SCHOOL; AND STACI SNYDER, INDIVIDUALLY AND PRINCIPAL OF MARION HIGH SCHOOL; | § § § § § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Leave to File Late Response to Defendants' Corrected Motion to Dismiss Plaintiffs' First Amended Complaint [#38]. This case was referred to the undersigned for all pretrial proceedings pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas on January 30, 2018. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the Court will deny the motion.

Plaintiff's motion asks the Court to permit Plaintiff to file an untimely response to the motion to dismiss filed by Defendants Marion Independent School District and Matthew Connor (hereinafter "Defendants"). The record reflects that Defendants filed their motion to dismiss on October 17, 2018. According to the Court's records, electronic notice of the filing was mailed to

1

Plaintiff's counsel that same day.[1]  Plaintiff's response to the motion was due within fourteen days of the motion's filing, on or before October 31, 2018.  *See* Loc. R. CV-7(e) (responses to dispositive motions due within fourteen days of motion's filing).  Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed.  After no response was filed, the undersigned issued a report and recommendation on November 29, 2018 [#34], recommending that Defendants' motion be granted based on the applicable law, not just because the motion was unopposed.

Approximately two weeks after the undersigned issued the report and recommendation, Plaintiff filed the motion underlying this Order asking for leave to file a response to Defendants' motion.  Rule 6(b) of the Federal Rules of Civil Procedure provides that the court may, for good cause, extend the time to respond to a motion after the time for such response has expired upon a finding that a party "failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Plaintiff argues the Court should find excusable neglect here because Plaintiff's counsel did not receive a CM/ECF notice of the corrected motion to dismiss filed by Defendants and there was some confusion related to the CM/ECF notifications because two motions to dismiss (an initial and corrected version) were filed on the same day.  In essence, Plaintiff argues the mistake of Plaintiff's counsel was inadvertent and should be excused.

"Excusable neglect" is an "elastic concept," and courts enjoy broad discretion in determining whether or not to allow a party to file an untimely response.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993).  The determination of what is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's

---

[1] Defendants in fact filed two motions to dismiss on October 17, 2018—an original and corrected motion.  Plaintiff's counsel was sent an electronic notification of both filings, as well as notice of a text order on October 18, 2018 dismissing the original motion as superseded by the corrected motion.

omission." *Id.* at 395.  Relevant factors include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 n.8 (5th Cir. 2006).

Although nothing in the record indicates bad faith on the part of Plaintiff or Plaintiff's counsel, inadvertent errors due to calendaring and issues with electronic notifications generally do not constitute excusable neglect.  *See Brittingham v. Wells Fargo Bank, N.A.*, 543 Fed. App'x. 372, 374 (5th Cir. 2013) ("We have previously held that a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel").  Plaintiff's counsel indicates in his motion that he did receive a CM/ECF notification on October 18, 2018 of the Court's text order dismissing Defendants' original motion to dismiss as superseded by the corrected motion to dismiss.  The text order referred to the corrected motion to dismiss by docket number.  The Court does not find it reasonable for Plaintiff's counsel to claim ignorance of the corrected motion to dismiss while acknowledging receipt of this text order, even if there was some issue with the CM/ECF notification for the motion itself.  Moreover, counsel has the responsibility to actively monitor the dockets of his or her active caseload.

It is also significant that the undersigned did not summarily recommend granting Defendants' motion to dismiss based on the lack of response from Plaintiff.  Rather, the undersigned issued an almost 20 page report and recommendation with extensive discussion of the plausibility of each of Plaintiff's claims against Marion Independent School District ("Marion ISD") and Matthew Connor as a matter of law.  For example, the undersigned concluded that Plaintiff failed to allege a policy or custom or a policymaking authority for

3

purposes of imposing municipal liability on Marion ISD or Connor in his official capacity to support Plaintiff's claim under Section 1983. The undersigned also concluded that Plaintiff failed to state an equal protection because there are no facts alleged in Plaintiff's Amended Complaint regarding disparate treatment based on a protected classification. Similar pleading issues were identified with respect to Plaintiff's substantive due process claim and Plaintiff's claim under Title IX. Finally, the report concluded that Plaintiff's tort claims should be dismissed for lack of subject matter jurisdiction based on Defendants' immunity from suit. In short, the findings and conclusions in the report were based on pleading deficiencies in Plaintiff's First Amended Complaint that would not likely be cured by a response by Plaintiff.

Nor is the Court in the position to evaluate the potential impact of Plaintiff's response, as Plaintiff has not attached a proposed response to the motion for leave, as required by this Court's Local Rules.[2] According to Local Rule CV-7(b), when a motion for leave to file a pleading, motion, or other submission is required, as here, "an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave." Loc. R. CV-7(b). Plaintiff has neither demonstrated excusable neglect nor complied with the procedural requirements for requesting leave to file a response out of time, and the Court will therefore deny the motion for leave.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Late Response to Defendants' Corrected Motion to Dismiss Plaintiffs' First Amended Complaint [#38] is **DENIED**.

---

[2] Nor did Plaintiff attach a proposed response to her objections to the report and recommendation [#37] or include any substantive argument as to why the report is legally incorrect for the District Court's consideration. Rather, Plaintiff's objections merely reiterate her argument for a finding of excusable neglect.

**IT IS SO ORDERED.**

SIGNED this 4th day of January, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE