IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DOE, INDIVIDUALLY AND AS NEXT FRIEND OF SARAH DOE, A MINOR, | § § § § | |
| *Plaintiff,* | § § | CIVIL NO. SA-17-CV-01114-OLG |
| vs. | § § | |
| MARION INDEPENDENT SCHOOL DISTRICT, KYLE KELSO, INDIVIDUALLY AND AS TEACHER OF MARION HIGH SCHOOL; AND STACI SNYDER, INDIVIDUALLY AND PRINCIPAL OF MARION HIGH SCHOOL, | § § § § § § § § | |
| *Defendants.* | § § | |

## **SHOW CAUSE ORDER**

This Show Cause Order concerns Plaintiff's claims against Defendant Kyle Kelso. This case was referred to the undersigned for all pretrial proceedings pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas on January 30, 2018. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the Court will order Plaintiff to show cause within 14 days of the date of this Order as to why Plaintiff's claims against Kelso should not be dismissed as discharged by Kelso's Chapter 7 bankruptcy proceeding.

Plaintiff's Amended Complaint sues Kyle Kelso, the high-school teacher who had an alleged sexual relationship with Sarah Doe, for intentional infliction of emotional distress and assault and battery and seeks the recovery of damages. (Am. Compl. [#26] at ¶¶ 21, 29, 30–34.). On July 26, 2018, Kelso filed a Suggestion of Bankruptcy [#22], informing the Court that he had filed a Chapter 7 bankruptcy proceeding in the Western District of Texas styled Case No. 18-bk-51695-cag and asking the Court to issue an automatic stay of all proceedings against him in this

case. The Court thereafter concluded that the automatic stay provisions of 11 U.S.C. § 362 applied to these proceedings, and ordered all claims against Kelso stayed pending the resolution of his Chapter 7 case [#23].

On November 5, 2018, the Court received a Status Report from Kelso's bankruptcy counsel informing the Court that Kelso had been granted a discharge in bankruptcy [#30], resulting in the expiration of Section 362's automatic stay. The Status Report also suggested that further proceedings in this case should be permanently enjoined and all claims against Kelso should be dismissed with prejudice due to the discharge. The Court ordered Plaintiff to file a response to the Status Report by November 29, 2018 [#31]. Plaintiff timely filed a response, arguing that Kelso is a necessary party in this litigation and that the claims against Kelso were not discharged in bankruptcy. The undersigned's independent research confirms that Kelso's position is correct and that Plaintiff's claims against Kelso should be dismissed with prejudice because they were not properly preserved in the Chapter 7 bankruptcy proceeding.

The record in the bankruptcy court indicates that Kelso received a discharge under 11 U.S.C. § 727 on October 25, 2018. Generally, a discharge acts as an injunction against all pre-bankruptcy claims. 11 U.S.C. § 524. However, there are exceptions to this general rule. For example, under 11 U.S.C. § 523(a), "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." Arguably, Plaintiff's intentional tort claims could be construed as pertaining to a debt for "willful and malicious injury." However, even a debt for "willful and malicious injury" is discharged in bankruptcy, unless the creditor files an adversary proceeding to object to the dischargeability to the claims. 11 U.S.C. § 523(c)(1) (providing that "the debtor shall be discharged from a debt of a kind specified in paragraph . . . (6) of subsection (a) of this section, unless, on request of the creditor to whom

such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge).[1]

There is no record of any adversary proceeding filed by Plaintiff to exempt Plaintiff's intentional infliction of emotional distress and battery claims from discharge. Because Plaintiff did not file an objection to discharge to make the debt non-dischargeable, the undersigned is of the opinion that the discharge order operates as an injunction against the continuance of this action against Kelso. Accordingly, Plaintiff's claims against Defendant Kelso should be dismissed with prejudice.

The Court will, however, allow Plaintiff an opportunity to show cause as to why these claims should not be dismissed as discharged by Kelso's Chapter 7 bankruptcy. The Court cautions Plaintiff to respond to the points of law summarized in this Order and not simply reiterate the previous arguments made in Plaintiff's previous filing on bankruptcy discharge. If the undersigned is still convinced that this action is barred after reviewing Plaintiff's response to this show cause order, the undersigned will issue a report and recommendation to the District Court recommending dismissal of Plaintiff's claims against Kelso with prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff **show cause** as to why Plaintiff's claims against Defendant Kyle Kelso should not be dismissed with prejudice due to the bankruptcy discharge **on or before January 18, 2019**.

---

[1] In addition, 11 U.S.C. § 1328(a)(4) excepts from discharge any debt "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." However, this provision only applies to Chapter 13 bankruptcy proceedings. Kelso's bankruptcy was a Chapter 7 proceeding so this provision is irrelevant to the Court's analysis.

**IT IS SO ORDERED.**

SIGNED this 4th day of January, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE