IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DOE, INDIVIDUALLY AND AS NEXT FRIEND OF SARAH DOE, A MINOR, | § § § § | |
| *Plaintiff,* | § § | CIVIL NO. SA-17-CV-01114-OLG |
| vs. | § § | |
| MARION INDEPENDENT SCHOOL DISTRICT, KYLE KELSO, INDIVIDUALLY AND AS TEACHER OF MARION HIGH SCHOOL; AND MATTHEW CONNOR, INDIVIDUALLY AND VICE PRINCIPAL OF MARION HIGH SCHOOL, | § § § § § § § § | |
| *Defendants.* | § § | |

# REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff's claims against Defendant Kyle Kelso. This case was referred to the undersigned for all pretrial proceedings pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas on January 30, 2018 [#2]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's claims against Kelso be dismissed.

## I. Background

Plaintiff John Doe, individually and as next friend of Sarah Doe, sues Defendants Marion Independent School District ("Marion ISD"), Matthew Connor (Vice Principal of Marion High School), and Kyle Kelso (a teacher at Marion High School), asserting various federal and state causes of action related to an alleged sexual relationship between Kelso and his minor student,

1

Sarah Doe. (Am. Compl. [#26].) The undersigned issued a report and recommendation on November 29, 2018 [#34] recommending that Marion Independent School District and Matthew Connor's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint [#29] be granted and Plaintiff's claims against Defendants Marion ISD and Vice Principal Connor be dismissed. If the Court adopts this recommendation, the only claims remaining in this lawsuit are Plaintiff's claims against Defendant Kelso for intentional infliction of emotional distress and assault and battery. (Am. Compl. [#26] at ¶¶ 21, 29, 30–34.).

On July 26, 2018, Kelso filed a Suggestion of Bankruptcy [#22], informing the Court that he had filed a Chapter 7 bankruptcy proceeding in the Western District of Texas styled Case No. 18-bk-51695-cag and asking the Court to issue an automatic stay of all proceedings against him in this case. The Court thereafter concluded that the automatic stay provisions of 11 U.S.C. § 362 applied to these proceedings, and ordered all claims against Kelso stayed pending the resolution of his Chapter 7 case [#23].

On November 5, 2018, the Court received a Status Report from Kelso's bankruptcy counsel informing the Court that Kelso had been granted a discharge in bankruptcy [#30], resulting in the expiration of Section 362's automatic stay. *See* Order of Discharge, Oct. 25, 2018, 18-bk-51695-cag.[1] The Status Report also suggested that further proceedings in this case should be permanently enjoined and all claims against Kelso should be dismissed with prejudice due to the discharge. The Court ordered Plaintiff to file a response to the Status Report by November 29, 2018 [#31]. Plaintiff timely filed a response, arguing that Kelso is a necessary party in this litigation and that the claims against Kelso were not discharged in bankruptcy.

---

[1] This Court takes judicial notice of the bankruptcy court's docket. *See Karaha Bodas Co. v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, 2003 WL 21027134, at *4 (5th Cir. 2003) (Courts "may take judicial notice of another court's judicial action.").

The undersigned's independent research confirmed that Kelso's position is correct and that Plaintiff's claims against Kelso should be dismissed with prejudice because they were not properly preserved in the Chapter 7 bankruptcy proceeding. The undersigned therefore ordered that Plaintiff show cause as to why her claims should not be dismissed with prejudice to the bankruptcy discharge on or before January 18, 2019 [#44]. Plaintiff timely filed a response to the show cause order, the substance of which does not change the undersigned's conclusion that the Court should dismiss Plaintiff's claims against Kelso due to the discharge.

## II. Analysis

The record in the bankruptcy court indicates that Kelso received a discharge under 11 U.S.C. § 727 on October 25, 2018. Generally, a discharge acts as an injunction against all pre-bankruptcy claims. 11 U.S.C. § 524. However, there are exceptions to this general rule. For example, under 11 U.S.C. § 523(a), "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." Arguably, Plaintiff's intentional tort claims could be construed as pertaining to a debt for "willful and malicious injury." However, even a debt for "willful and malicious injury" is discharged in bankruptcy, unless the creditor files an adversary proceeding to object to the dischargeability to the claims. 11 U.S.C. § 523(c)(1) (providing that "the debtor shall be discharged from a debt of a kind specified in paragraph . . . (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge).[2]

---

[2] In addition, 11 U.S.C. § 1328(a)(4) excepts from discharge any debt "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." However,

3

There is no record of any adversary proceeding filed by Plaintiff to exempt Plaintiff's intentional infliction of emotional distress and battery claims from discharge. This Court's Show Cause Order gave Plaintiff the opportunity to provide evidence that he had filed an adversary proceeding or otherwise preserved his claim, but Plaintiff provided no such evidence. Nor does the response filed provide any explanation or authority to suggest that the requirement that an adversary proceeding be filed does not apply in this case. Because Plaintiff did not file an objection to discharge to make the debt non-dischargeable, the discharge order operates as an injunction against the continuance of this action against Kelso. Accordingly, Plaintiff's claims against Defendant Kelso should be dismissed with prejudice.

Although there is no pending motion to dismiss the claims against Kelso, this Court may *sua sponte* consider the sufficiency of a complaint and dismiss a flawed claim on its own initiative, "as long as the procedure employed is fair." *Hager v. DBG Partners, Inc.*, 903 F.3d 460, 464 (5th Cir. 2018) (internal quotation omitted). "[F]airness in this context requires both notice of the court's intention and an opportunity to respond." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). The undersigned provided Plaintiff with notice of an intent to recommend dismissal of Plaintiff's claims against Kelso and an opportunity to respond. Plaintiff will also have an opportunity to file any objection to this recommendation with the District Court before any final dismissal is rendered.

### III. Conclusion and Recommendation

It is therefore **recommended** that Plaintiff's claims against Defendant Kyle Kelso be **dismissed with prejudice** as barred by Kelso's bankruptcy discharge.

---

this provision only applies to Chapter 13 bankruptcy proceedings. Kelso's bankruptcy was a Chapter 7 proceeding so this provision is irrelevant to the Court's analysis.

## IV. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 31st day of January, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE